**ST. PAUL MERCURY INDEMNITY CO. v STOCKUM et**

Ohio Appeals, 2nd Dist, Darke Co

No 579.   Decided March 4, 1941·

Hugh A. Staley, Greenville, for plaintiff-appellee.

Orel J. Myers, Dayton, for Ambert Petering, defendant-appellee.

T. A. Billingsley, Greenville, for Adam Stockum, defendant-appellant.

## OPINION

By HORNBECK, J.

This is an appeal of defendant, Adam Stockum, from a joint judgment against him and his co-defendant, Ambert Petering, in favor of the plaintiff for the sum of $300.00 with costs.

The action was for money claimed to be due on a contract between defendants and the plaintiff whereby the plaintiff was to act as surety upon the executors' bond of defendants in the sum of $40,000.00 in the Probate Court of Montgomery County, Ohio. By the terms of the contract, defendants agreed in writing to pay in advance a premium of $200.00 upon the execution of the bond and $200.00 annually thereafter "until said company is furnished with conclusive evidence of the termination of the liability of said bond."

It is averred and admitted that the premium of $200.00 was incorrect and was reduced to $100.00 annually. It is further alleged that the first year's premium was paid but that the premiums due on the 15th day of December, 1935, 1936 and 1937 had not been paid and that defendants had refused to pay the same and that defendants had not furnished the company with any evidence of the termination of the liability on the bond in accordance with the written provisions of the contract.

The defendants by joint amended answer, say that within a year following their appointment on the 15th day of December, 1934, all of the assets of said estate were distributed excepting 74c, which fact was known to Hugh A. Staley, agent of the plaintiff; that since said time no assets of any kind, nature or description have come into the hands of said executors; that all of the actions in the distribution of said estate by said executors were approved and confirmed by order of the court having jurisdiction of said executors and therefore there was no liability on said bond.

The plaintiff demurred to the answer of the deefndants which was overruled. Plaintiff by reply denied each and every allegation of the amended answer not theretofore controverted by the pleadings.

The cause went to trial to the Common Pleas Judge, jury being waived. The judge in a written decision found for the plaintiff in the full amount prayed for in its petition and entered judgment for plaintiff.

There is but one notice of appeal found in the transcript of the docket and journal entries and that is noted by defendant, Adam Stockum. We find the original brief of the defendant-appellant, Stockum, the answer brief by the plaintiff and reply brief supporting the position of appellant by defendant, Ambert Petering, who gave no notice of appeal.

The brief of appellant, Stockum, assigns six errors but does not follow the subject matter nor the order of the assignment but presents two proposi-

tions in the brief. First, that under §9572 GC Stockum should not be required to pay the premiums on the bond and second, that no assets came into the hands of the executors after the first year of the duration of the bond and that, therefore, the sureties on the bond were under no liability whatever thereunder and that this fact was known to Hugh Staley, agent of plaintiff company.

We do not find the claim of appellant, Stockum, well made with respect to the applicability of §9572 GC to the facts in this case. This section is the source of authority of the Probate Judge to allow a fiduciary to take credit in a settlement of his account as such fiduciary for a reasonable sum within the limits fixed by the section, which he has expended for a surety company bond. The section has no application whatever to a contract between the fiduciary as such, or individually, with a surety company for the issuance by it of a surety bond in behalf of the fiduciary.

The expenditure by a fiduciary for a surety bond is upon the same basis as other expenditures which he may make and unless and until they are approved by the court which has jurisdiction of the estate they may not become liabilities of the estate.

The contract here under consideration was between Stockum and Petering as individuals and the surety company. There was no privity of relationship between them as individuals and as fiduciaries.

The appellants clearly breached a specific provision of the written contract as set up in their application to the defendant for the surety bond, namely, that they would pay the bond premium annually "until said company is furnished with conclusive evidence of the termination of its liabilities"; and defendants further agreed "to furnish such evidence" of the termination of defendants' liability.

It is obvious from the record that at no time prior to the hearing in this case had there been any final entry spread upon the record in Probate Court which would conclusively evidence the termination of the liability of the defendants and no account, final or otherwise, had been filed in the Probate Court upon which an entry could have been predicated terminating the liability of the defendant company.

It is suggested that some obligation was placed upon the surety company to secure the approval of the Probate Court of Montgomery County of its claim against the estate of Andrew Stockum. Clearly the surety company, as such, had no standing in the Probate Court to ask for any such approval and it could only come through approval of an application by the fiduciaries, customarily so made in an account and its settlement.

Upon the second proposition, namely, the knowledge of Mr. Staley, the agent of the defendant company, of the termination of any liability of the fiduciaries the evidence fails both upon the logic of the situation as heretofore set out and further because Mr. Staley expressly states that he did not, at any time prior to the due date of all premiums sued for, know that the obligation of the surety company on its bond for the fiduciaries had ceased.

Upon this appeal we indulge every intendment in favor of the finding and judgment of the trial court, with, or without a motion for new trial which is not found in this case. So doing, we find that the court was clearly within the evidence if he found that Mr. Staley, as agent for the defendant company, at no time was put on notice by conclusive evidence that the liability of the surety company on the fiduciaries' bond had ceased. If this fact had been established we would have another question to be considered, namely, the scope of Mr. Staley's authority to bind his company to release its claim for the premiums due.

The reply brief urges more at length the claim that Mr. Staley was put on notice of a settlement between certain beneficiaries under the will of Andrew Stockum by which the widow, who had elected to take under the law, was paid

and a distribution of the balance of all of the assets of the estate made.

However, if this were true, it does not appear that it was Mr. Staley's obligation to represent the fiduciaries in the Probate Court and to secure for them the necessary action on the part of the court which would have evidenced the termination of any liability on their part to the estate or if the facts had warranted, a reduction of the bond to a minimum figure.

It seems unnecessary to state that the only safe procedure to support the claim of termination of any obligation of the surety on the fiduciaries' bond was by the action of the Probate Court. Any other procedure would be uncertain and impracticable.

It is unfortunate, as is suggested in one of the briefs that the defendants may be required to pay bond premiums beyond the time when, in fact, there may have been no liability on the part of the bonding company but the laches are not chargeable to the company. It performed its obligation under the contract and the failure to perform clearly was upon the defendants.

The judgment will be affirmed.

GEIGER, PJ. and BARNES, J., concur.